**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LINDA AGNES HOLLINGSWORTH,<br><br>     Plaintiff<br><br>     v.<br><br>ASOCIACION DE TAXI TURISTICO DE PUERTO RICO, INC., ET AL.,<br><br>     Defendants. | CIV. NO. 14-1828 (PG) |

**ORDER**

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action … because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin … is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002)). Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González- Vega, 468 F.3d at 4 (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)).

CIV. NO. 14-1828 (PG)                                                    Page 2

    Plaintiff filed the above-captioned damages claim on November 14, 2014. See Docket No. 1. After reviewing the complaint, the court set a hearing to examine at the outset the undersigned's jurisdiction to preside over this matter. See Dockets No. 8-9. On July 27, 2015, *eight months* after the complaint was filed, the plaintiff sought this court's aid in its quest to identify her alleged tortfeasors, the unknown defendants. See Docket No. 12. The court granted this request. See Docket No. 14. A little over two months elapsed with no action from the plaintiff, and thus, the court entered a deadline to amend pleadings to include all unknown defendants by no later than October 23, 2015. See Docket No. 15. The plaintiff ignored this deadline. Therefore, this case's one-year anniversary is fast approaching and plaintiff has failed to move her case along.

    "The court has no obligation to play nursemaid to indifferent parties." Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir.1990). Therefore, under this "[C]ourt's … unquestionable authority to dismiss a case … for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the court hereby dismisses plaintiff's suit against defendants **without prejudice** pursuant to FED.R.CIV.P. 41(b). Final judgment dismissing the case without prejudice shall be entered accordingly.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, October 26, 2015.

                                             S/JUAN M. PEREZ-GIMENEZ
                                             JUAN M. PEREZ-GIMENEZ
                                             U.S. DISTRICT JUDGE